IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CONNIE RAY ISRAEL,

    Plaintiff,

v.                                        CASE NO. 1:21-cv-82-AW-GRJ

MARK INCH, et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Connie Ray Israel, DOC #065135, an inmate in the custody of the Florida Department of Corrections presently confined at Taylor CI, initiated this case by filing a civil rights complaint pursuant to 42 U.S.C. § 1983 and seeks leave to proceed as a pauper. ECF Nos. 1, 6. The Complaint stems from an alleged assault upon Plaintiff by a corrections officer in December 2020, while Plaintiff was confined at Cross City CI. ECF No. 1.

Plaintiff has twice failed to submit a fully completed and executed Prisoner Consent and Financial Certificate, together with a certified copy of his inmate trust account statement for the six-month period preceding the filing of the Complaint. See ECF Nos. 4, 6. Because the undersigned concludes that the Complaint is due to be dismissed for abuse of the judicial process, the Court will not afford Plaintiff a further opportunity to

correct the deficiencies in his IFP motion and will instead recommend that leave to proceed as a pauper be denied and this case dismissed.

Plaintiff executed the Complaint under penalty of perjury. ECF No. 1 at 11. The Court's civil rights complaint form requires prisoners to disclose their prior litigation history. Section IV of the Court's civil rights complaint form requires prisoners to disclose information regarding other lawsuits, including whether they have initiated other actions in state or federal court dealing with the same or similar facts involved in the instant case, whether they have initiated other cases dealing with the fact or manner of their incarceration (including habeas corpus petitions), and whether they have "ever had any actions in federal court dismissed as frivolous, malicious, for failing to state a claim, or prior to service," and if so to "identify each and every case so dismissed." *Id.* at 3-4. The form expressly warns that "FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE. IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL." *Id.* at 3.

In response to these questions, Plaintiff disclosed one prior federal civil rights case: *Israel v. Boyles,* Case No. 3:95-cv-929 (M.D. Fla. Sept. 25, 1995). Plaintiff also disclosed that a prior Middle District case was

"dismissed as frivolous, malicious, failing to state a claim, or prior to service," but attests that he cannot remember the defendant, the filing date, the case number, or the reason for dismissal. ECF No. 1 at 4-5. Plaintiff disclosed no other cases.

A review of the Court's PACER Case Locator reflects that Plaintiff has filed at least seven habeas corpus petitions in the Middle District and at least two prior cases docketed as civil complaints. *See Israel v. Secretary,* Case No. 3:09-cv-58 (M.D. Fla. Mar. 28, 2012) (habeas corpus); *Israel v. Bayer Corp.*, Case No. 3:04-cv-540 (M.D. Fla. Nov. 3, 2004) (civil complaint dismissed as frivolous); *Israel v. Secretary,* Case No. 3:14-cv-1459 (M.D. Fla. Dec. 5, 2014) (habeas corpus); *Israel v. Secretary,* Case No. 3:15-cv-855 (M.D. Fla. July 10, 2015) (habeas corpus); *Israel v. Secretary,* Case No. 3:15-cv-909 (M.D. Fla. Aug. 12, 2015) (habeas corpus); *Israel v. Secretary,* Case No. 3:15-cv-1505 (M.D. Fla. Oct. 16, 2018) (habeas corpus); *Israel v. Secretary,* Case No. 3:16-cv-56 (Feb. 10, 2016) (habeas corpus); *Israel v. Attorney General*, Case No. 3:16-cv-911 (M.D. Fla. July 20, 2016) (civil case); *Israel v. Viggiano,* Case No. 3:16-cv-1459 (M.D. Fla. Dec. 5, 2016) (habeas corpus).

In the absence of any basis for excusing a plaintiff's lack of candor, failure to disclose and truthfully describe previous lawsuits warrants

dismissal of the complaint for abuse of the judicial process. *See Redmon v. Lake County Sheriff's Office*, No. 10-11070, 2011 WL 576601, at *4 (11th Cir. Feb. 10, 2011).[1]  In *Redmon,* the Eleventh Circuit affirmed the dismissal of a prisoner's civil rights complaint that did not disclose a previous lawsuit.  The plaintiff argued that he "misunderstood" the form, but the Court held that the district court had the discretion to conclude that the plaintiff's explanation did not excuse his misrepresentation because the complaint form "clearly asked Plaintiff to disclose previously filed lawsuits . . . ." *Id*.  The Court determined that dismissal was an appropriate sanction:

> Under 28 U.S.C. § 1915, "[a] finding that the plaintiff engaged in bad faith litigiousness or manipulative tactics warrants dismissal." *Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997). In addition, a district court may impose sanctions if a party knowingly files a pleading that contains false contentions. Fed.R.Civ.P. 11(c). Although *pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys, a plaintiff's *pro se* status will not excuse mistakes regarding procedural rules. *McNeil v. United States,* 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993).

*Id*.; *see also, e.g.*, *Sears v. Haas*, 509 F. App'x 935, 935-36 (11th Cir. 2013) (holding that dismissal of prisoner-plaintiff's case for abuse of the judicial process under 28 U.S.C. § 1915A(b)(1) was warranted where the

---

[1] Pursuant to 11th Cir. Rule 36-2, unpublished opinions are not binding precedent but may be cited as persuasive authority.

prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964-65 (11th Cir. 2012) (same); *Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132-33 (11th Cir. 2012) (same).

In addition to revealing whether a prisoner is subject to the PLRA's "three strikes" provision, the information required on the form assists the Court in efficiently managing prisoner litigation by showing whether a complaint is related to or is affected by another case. The failure to exercise candor in completing the form, while acknowledging that the answers are made under penalty of perjury, impedes the Court in managing its caseload and merits the sanction of dismissal. *See Redmon*, 2011 WL 576601, at *4; *Johnson v. Crawson*, No. 5:08-cv-300, 2010 WL 1380247, at *2 (N.D. Fla. Mar. 3, 2010) ("If Plaintiff suffered no penalty for his untruthful responses, there would be little or no disincentive for his attempt to evade or undermine the purpose of the form. Furthermore, if word spread around the prisons that the questions on the complaint form could be circumvented in such a manner, the court might be confronted with widespread abuse from its many prisoner litigants."); *Paulcin v. McNeil*, No. 3:09-cv-151, 2009 WL 2432684, at *2 (N.D. Fla. Aug. 6, 2009) ("If the court cannot rely on the statements or responses made by the

parties, it threatens the quality of justice. The court will not tolerate false responses or statements in any pleading or motion filed before it.").

The Court is not persuaded that Plaintiff's lack of candor should be excused based on his representation that he "cannot remember" the details of only one other prior Middle District case.  Plaintiff made no effort to accurately disclose any of these prior cases apart from the 1995 civil case. Plaintiff could have—but failed to—obtain a list of his cases from the Middle District clerk of courts to ensure that he had not omitted any cases from his litigation history.  *See Owens v. Oliver*, 4:18-cv-315-WS/MJF, 2020 WL 6302330, at *2 (N.D. Fla. Sept. 23, 2020), *report and recommendation adopted,* 4:18-cv-315-WS/MJF, 2020 WL 6292884 (N.D. Fla. Oct. 27, 2020).

Under these circumstances, the Court concludes that no lesser sanction than dismissal would suffice to deter this type of conduct. For example, providing Plaintiff an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 Fed. Appx. 818, 818 (11th Cir. 2006) (unpublished) ("[T]o allow Hood to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the

judicial process."). The Court therefore concludes that an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the Court with truthful and accurate responses in his sworn Complaint is to dismiss this case without prejudice.[2]

The dismissal of this case as malicious for abuse of the judicial process should operate as a "strike" pursuant to 28 U.S.C. § 1915(g). If Plaintiff elects to re-file his claims, he is cautioned that he must exercise candor in completing the Complaint form and failure to do so could result in the imposition of another "strike". Once Plaintiff has incurred three strikes, he will be unable to proceed as a pauper in a civil case filed in federal court, absent a showing that he faces imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Accordingly, for the foregoing reasons, it is respectfully **RECOMMENDED** that leave to proceed as a pauper, ECF No. 6, should be **DENIED** and this case should be **DISMISSED without prejudice** as

---

[2] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). Generally, the statute of limitations for claims under § 1983 of the type alleged by Plaintiff is four years. *Id.* ("The statute of limitations for § 1983 claims is governed by the forum state's residual personal injury statute of limitations, which in Florida is four years."). Plaintiff alleges the incidents in the Complaint occurred in December 2020. ECF No. 1. Thus, dismissal without prejudice would not bar Plaintiff from refiling this action prior to expiration of the statute of limitations.

malicious for abuse of the judicial process pursuant to 28 U.S.C. § 1915A(b).

**IN CHAMBERS** this 20th day of September 2021.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u> A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**